UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SWARTZMILLER ASSOCS., INC.,<br>　　*Plaintiff*,<br>v.<br><br>DAS HOLZ HAUS, LAVERN SCHLABACH,<br>　　*Defendants.* | Case No. 2:22-cv-10529-PDB-DRG<br><br>Honorable Paul D. Borman<br><br>Magistrate Judge David R. Grand |

## Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c) and the parties' stipulation, and the Court being otherwise fully advised on the premises, IT IS HEREBY ORDERED that this order ("the Protective Order") shall generally govern the handling of discovery and disclosure of materials in the above-captioned matter.

1. <u>Definitions</u>.

    (a) "Confidential Information" means any non-public information, document, or thing that the producing or disclosing party believes in good faith contains confidential or proprietary information, trade secrets, or other sensitive or confidential business or personal information.

    (b) "Designating Party" means a party or non-party who produces or discloses any Confidential Information in this litigation.

    (c) "Receiving Party" means a party who receives any Confidential Information produced or disclosed by the Designating Party.

(d) "Protected Material" means any Confidential Information that is designated by the Designating Party as confidential, proprietary, or otherwise protected under this Protective Order.

2. <u>Designation of Confidential Information</u>.

(a) The Designating Party may designate Confidential Information as Protected Material by marking or labeling each page of such Confidential Information with verbiage that includes the word "Confidential" or "Protected," or by notifying the Receiving Party in writing that certain information is Confidential Information under this Protective Order.

(b) Any Confidential Information produced or disclosed in this litigation shall be presumed to be Protected Material until such time as it is designated as such.

(c) The Designating Party shall make a good faith effort to limit the designation of Confidential Information to only those portions of the information that are truly confidential or proprietary and are not otherwise available to the public.

3. <u>Use and Disclosure of Protected Material</u>.

(a) Protected Material shall be used by the Receiving Party solely for the purposes of this litigation and not for any other purpose.

(b) The Receiving Party shall not disclose any Protected Material to anyone other than the Court, its attorneys, employees, or agents, deposition witnesses, and

any experts or consultants retained by the parties for the purpose of this litigation.

(c) The Receiving Party shall take all reasonable measures to protect the confidentiality of the Protected Material, including limiting access to the Protected Material to only those individuals who are authorized to view it.

(d) If the Receiving Party believes that disclosure of any Protected Material is necessary in order to comply with a court order, subpoena, or other legal requirement, the Receiving Party shall provide prompt written notice of such requirement to the Designating Party so that the Designating Party may seek a protective order or other appropriate relief.

4. <u>Challenge to Designation of Confidential Information</u>.

(a) If the Receiving Party disputes the designation of any Confidential Information as Protected Material, the Receiving Party shall notify the Designating Party in writing of the dispute.

(b) If the parties are unable to resolve the dispute informally, the Designating Party shall file a motion with the Court seeking a determination of the status of the disputed Confidential Information.

(c) Until the Court rules on the motion, the disputed Confidential Information shall continue to be treated as Protected Material under this Protective Order.

5. <u>Return or Destruction of Protected Material</u>.

   (a) Upon conclusion of this litigation, the Receiving Party shall destroy all electronic or digital copies of such Protected Material, unless otherwise agreed in writing by the Designating Party or as required by law.  Upon request of the Designating Party, the Receiving Party shall provide written certification to the Designating Party that it has complied with the requirements of this section.

   (b) The Receiving Party may retain the Receiving Party's attorney work product and any materials that contain or reflect Protected Material that were created by the Receiving Party's attorney(s) solely for the purposes of this litigation, provided that such materials are maintained in accordance with the terms of this Protective Order and are not disclosed or used for any other purpose.

6. <u>No Waiver</u>.

   (a) This Protective Order shall not be construed as an admission or agreement by any party that any documents or information are discoverable or constitute competent, material, relevant, or admissible evidence in this case. Nor shall this Protective Order be construed as waiving, diminishing, or prejudicing the right of any party to assert a claim of privilege or objection as to relevance, overbreadth, burdensomeness, proportionality, admissibility, or other grounds for not producing any document material requested during discovery. Nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information.

    (b) Nothing contained in this Protective Order and no designation as "Confidential" or "Protected" shall be construed as a finding (preliminary or otherwise) that any information designated by or protected by this Protective Order does or does not constitute confidential, proprietary, or trade secret information.  Nor shall the inspection or receipt by a Receiving Party of documents or information designated as "Confidential" or "Protected" constitute a concession that the documents or information are confidential.

7.    <u>Inadvertent Production of Privileged Material</u>

    (a) Any inadvertent production of privilege or work product material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).

    (b) The disclosure of any particular of privilege or work product material shall cease to be "inadvertent" if the Receiving Party notifies the Producing Party of the disclosure and the Producing Party does not request the return of the privileged or work product matter within 10 days.

8.    <u>Duration and Modification of Order.</u>

    (a) This Protective Order shall remain in effect until further order of the Court or until the conclusion of this litigation, whichever is later.

    (b) The parties may agree in writing to modify the terms of this Protective Order at any time.

(c) Nothing in this Protective Order shall prevent any party from seeking further or different protection from the Court at any time.

SO ORDERED.

Dated: April 25, 2023

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE
ACTING IN THE ABSENCE OF
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

So stipulated:

| | |
|---|---|
| /s/Kory M. Steen | /s/David M. Zack |
| John S. Artz (P48578) | David M. Zack (P69944) |
| Kory M. Steen (P83170) | BLEVINS SANBORN JEZDIMIR ZACK PLC |
| DICKINSON WRIGHT PLLC | 1260 Library St., Ste. 300 |
| 500 Woodward Ave., Suite 4000 | Detroit, MI 48226 |
| Detroit, Michigan | (313) 338-9500 |
| (248) 433-7262 | dzack@bsjzlaw.com |
| JSartz@dickinsonwright.com | |
| KSteen@dickinsonwright.com | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

Dated: April 24, 2023

6