UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SWARTZMILLER ASSOCS., INC., *Plaintiff*, v. DAS HOLZ HAUS, LAVERN SCHLABACH, *Defendants.* | Case No. 2:22-cv-10529-PDB-DRG<br><br>Honorable Paul D. Borman<br><br>Magistrate Judge David R. Grand |

### Protective Order re: Inspection and Copying of Documents

Pursuant to the parties' stipulation, and the Court being otherwise fully advised on the premises, IT IS HEREBY ORDERED as follows:

1. <u>Purpose</u>: This protective order applies to the inspection and copying of documents by Plaintiff at Defendants' place of business at 573 N. Country Rd. 325 E., Tuscola, IL 61953 ("Protective Order").

2. <u>Selection of Documents</u>: Plaintiff may select documents made available for inspection and copying by Defendants for which Plaintiff intends to have copied or scanned. Plaintiff will identify which documents it intends to have taken off-site to copy by physically circling the corresponding numbers (boxes) and letters (customers) on a copy of the legend/inventory created by Defendants ("Document Selection"). No documents not identified in the Document Selection may be removed from the premises, unless expressly authorized by Defendants. This paragraph shall not apply to any on-site copying or scanning conducted by Plaintiff.

3.      <u>Limitation on Persons Permitted to Take Documents</u>: The only persons permitted to take Defendants' documents from the premises for copying or scanning are Plaintiff's counsel or employees of a reputable third-party copy vendor retained by Plaintiff's counsel, provided that such employees do not have an interest in the outcome of this litigation and that they agree to be bound by this Protective Order by executing a copy of Exhibit A ("Authorized Persons"). No other persons shall be permitted to take Defendant's documents from the premises, except with prior written consent of Defendants or further order of the Court. The Authorized persons shall maintain an unbroken chain of custody of the documents until they are returned to Defendants in accordance with this Protective Order.  Plaintiff shall take reasonable steps to ensure that only Authorized Persons have access to the documents while they are being copied or scanned off-site, and that the Authorized Persons return the documents promptly and securely to Defendants' premises.

4.      <u>Safeguarding Documents</u>: Plaintiff shall take reasonable steps to ensure that the Authorized Persons take reasonable steps to safeguard the documents that are taken from the premises to be copied or scanned, store the documents in a secure location while in the possession of the Authorized Persons, limit access to the documents while they are being copied or scanned, and ensure that the documents are not damaged or destroyed.

5.  <u>Return of Documents</u>: Plaintiff shall take reasonable steps to ensure that any documents taken off-site are returned in the same condition in which they were taken, except for reasonable wear and tear incurred during the copying or scanning process. All of the original documents shall be returned to Defendants promptly upon completion of the copying or scanning process. Upon request, Plaintiff will provide Defendants with the status of the copying process (and/or the location of the documents), including which documents on the Document Selection were copied and which documents remain to be copied. Plaintiff will endeavor to have the documents returned to Defendants within 21 days and organized in the same manner in which they were made available. Upon request, Plaintiff shall certify that it has complied with this paragraph.

6.  <u>Continuing Obligation</u>: This Protective Order shall continue in effect until the conclusion of the litigation, written stipulation of the parties, or until modified by the Court.

SO ORDERED.

Dated:  April 25, 2023        /s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE
                              ACTING IN THE ABSENCE OF
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

So stipulated:

| | |
|---|---|
| /s/Kory M. Steen | /s/David M. Zack |
| John S. Artz (P48578) | David M. Zack (P69944) |
| Kory M. Steen (P83170) | BLEVINS SANBORN JEZDIMIR ZACK PLC |
| DICKINSON WRIGHT PLLC | 1260 Library St., Ste. 300 |
| 500 Woodward Ave., Suite 4000 | Detroit, MI 48226 |
| Detroit, Michigan | (313) 338-9500 |
| (248) 433-7262 | dzack@bsjzlaw.com |
| JSartz@dickinsonwright.com | *Counsel for Defendants* |
| KSteen@dickinsonwright.com | |
| *Counsel for Plaintiff* | |

Dated: April 24, 2023

## EXHIBIT A

## CERTIFICATION

      I hereby certify that I have been given a copy of the Protective Order and that I agree to be bound by it. I will store Defendants' documents in a secure manner to prevent unauthorized access, damage or destruction, and I will ensure that the documents will be returned promptly and securely to Defendants' premises following the copying or scanning process. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of enforcing the terms of the Protective Order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

      By: _____

      Address: _____

      Phone: _____

5